Battle, J.
 

 We think that the instructions of his Honor were correct, upon both the points made in the cause. Upon the first, they are fully sustained by the cases of
 
 Higgins v. Ketchum,
 
 4 Dev. & Bat. Rep. 414,
 
 Smith v. Low, 2
 
 Ire. Rep. 457, and
 
 Morrisey
 
 v. Love, 4 Ire. Rep. 78. And the testimony, that the lands levied on were in the occupation of the persons mentioned in the levy, at the time when it was made, having satisfied the jury, that sueh were ás fully identified as if the words of the act had
 
 *22
 
 been literally pursued, the judgment is not erroneous, and 'cannot be reversed on that account.
 

 The instructions upon the second point are equally sustained by the principle decided in the case of
 
 Burke
 
 v.
 
 EUiott,
 
 4 Ire. Rep. 355. There it was held, that a judgment of the County Court upon a justice’s execution, returned levied on land, under which judgment there were an execution and sale of the land, precluded all collateral enquiry into the regularity of the previous proceedings ; as for instance whether the officer, who made the levy and return, was legally appointed, or whether notice of the levy and return had been given to the defendant in.; the execution. Of the same kind is the alleged irregularity in this case, that the levy does
 
 not set forth, that
 
 it was made upon the land for want of goods and chattels. It is true that when the laud is not sufficiently identified in the levy itself, or in the levy sustained by extrinsic proof, as in the case of
 
 Blanchard
 
 v.
 
 Blanchard,
 
 3 Ire. Rep. 105, and
 
 Morrisey
 
 v.
 
 Love,
 
 cited above, or where the levyis not endorsed upon the execution or upon some paper attached thereto, as
 
 in the
 
 case of
 
 Dickson
 
 v. Peppers, 7 Ire. Rep. 427, the order of condemnation made by the County Court will be void, because there is no land to which it can properly apply, and which the sheriff can be authorised to sell, under -the writ of
 
 venditioni ex-ponas.
 
 It is also true, that when notice is not given to the defendant in execution, previous to the motion for the order of condemnation, or where the defendant appears and objects to the order, because the levy show's that it was made upon the land, w'ithout stating for want of goods and chattels, or, if any such had been levied on, without showing what has been done with them, the orders ought not to be made.
 
 Borden
 
 v.
 
 Smith, 3
 
 Dev. & Bat. Rep. 34.
 
 Henshaw
 
 v.
 
 Branson,
 
 3 Ire. Rep. 298, But when the order is made, then the Court must be presumed to have acted .rightly, to have acted upon an admission
 
 *23
 
 or waiver of notice, or a waiver of the search for goods and chattels, or of an account of those, appearing to have been levied on, before the levy was made upon the land. No collateral enquiry can then be made into the regularity of the order; that is, an enquiry not made in a proceeding instituted by the party expressly for the purpose of having it set aside for irregularity or reversed for error. And until thus set aside or reversed, it will sustain any right acquired under it, and therefore will sustain the title of a purchaser, at a sale made under an execution issuing upon it. The judgment must be affirmed.
 

 Per Curiam.
 

 Judgment affirmed.